## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN M. SMITHSON, | : | CIVIL ACTION NO. **1:CV-14-1866** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MARIAH BRITTANY RIZZO, *et al.*, | : | |
| | : | |
| Defendants | : | |

_____

| | | |
|---|---|---|
| CHRISTIAN M. SMITHSON, | : | |
| | : | CIVIL ACTION NO. **1:CV-14-1867** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| TROOPER BURNHAM, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On August 29, 2014, Plaintiff, Christian M. Smithson, an inmate at the York County Prison ("YCP"), York, Pennsylvania, filed, *pro se*, a Complaint in the York County Court of Common Pleas alleging violations of his constitutional rights under 42 U.S.C. § 1983. *Christian M. Smithson v. Mariah Britanny Rizzo*, 2014-SU-003006-68.

Also, on August 29, 2014, Plaintiff, Christian M. Smithson, filed, *pro se*, a second Complaint in the York County Court of Common Pleas alleging violations of his constitutional

rights under 42 U.S.C. §1983.  *Christian M. Smithson v. Trooper Burnham*, 2014-SU-003007-68.

Both of Plaintiff's cases involved incidents in York County on September 5-6, 2012, which lead to Plaintiff's arrest by troopers of the Pennsylvania State Police and his confinement in YCP.

On September 12, 2014, Defendants the York County District Attorney's Office and the York County Public Defender's Office ("York County Defendants") filed preliminary objections to both of Plaintiff's Complaints and  support briefs in the York County Court.[1]  (Docs. 3-1 & 3-2, Civil Nos. 14-1866 & 14-1867, M.D. Pa.).

On September 25, 2014, Defendants Trooper Jeffrey Gotwals, Trooper Justin Dembrowski, and  the Pennsylvania State Police ("Commonwealth Defendants') removed both

---

[1]After this case was removed to federal Court, York County Defendants did not re-file their preliminary objections under Pa.R.C.P. 1028 as Motions to Dismiss Plaintiff's Complaints under Fed.R.Civ.P. 12(b)(6). In federal court, there is no procedural rule regarding preliminary objections. In federal court, a motion to dismiss for failure to state a claim is utilized which adheres to the Rule 12(b)(6) standards.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). We note that some federal courts, after a case is removed, consider unadjudicated preliminary objections filed in state court as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *See Fonner v. Travelers Home & Marine Ins. Co.*, 2014 WL 5297993 (E.D.Pa. Oct. 15, 2014); *Lindsey v. Chase Home Finance L.L.C.*, 2006 WL 2524227 *2 n. 3 (M.D.Pa. Aug. 30, 2006)(A preliminary objection filed in state court under Pa.R.C.P. 1028(a)(4) "is the Pennsylvania equivalent to the 12(b)(6) motion to dismiss filed in federal court.").

We note that neither the York County District Attorney's Office nor the York County Public Defender's Office are proper Defendants in a §1983 civil rights action.  Rather, the proper Defendant for these County agencies is York County.  Also, we note that Plaintiff must state his constitutional claims against York County under the standards annunciated in *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Since York County is a municipal agency, the standards annunciated in *Monell* apply to it.  *See Malles v. Lehigh County*, 639 F.Supp.2d 566 (E.D. Pa. 2009).

of Plaintiff's York County Court cases to this federal Court.  (Docs. 1, Civil Nos. 14-1866 & 14-

1867, M.D. Pa.).[2]

      In both of his lengthy, singled spaced, civil rights Complaints, Plaintiff is essentially

challenging the numerous criminal charges filed against him by Defendant Troopers of the

Pennsylvania State Police, which were approved by the York County District Attorney's Office,

including attempted homicide and aggravated assault. The York County criminal charges filed

against Plaintiff are presently pending.  Specifically, there are two criminal cases filed against

Plaintiff in the York County Court of Common Pleas regarding incidents which occurred on

September 5-6, 2012.  *See Com. of PA v. Christian M. Smithson*, No. CP-67-CR-0709-2013 and

No. CP-67-CR-7794-2012.[3]  Plaintiff basically raises constitutional claims against the state actor

Defendants of false arrest, false imprisonment and malicious prosecution, and he alleges that

Defendants committed perjury in his York County preliminary hearing on October 25, 2012.

Plaintiff claims that the non-state actors Defendants, *i.e.*, Defendants Rizzo, Nickol, Polston and

Saxe, knowingly gave false victim/witness statements to the PSP troopers regarding his conduct

---

      [2]Plaintiff's claims against Defendant PSP are barred under the Eleventh Amendment. Because Defendant PSP is an agency of the Commonwealth of Pennsylvania, this federal Court's jurisdiction over this Defendant is barred by the Eleventh Amendment of the United States Constitution, and all claims against it are subject to dismissal.  *See MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 502 (3d Cir. 2001); *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009).


      [3]We note that copies of Plaintiff Smithson's York County Criminal Dockets for case number  No. CP-67-CR-0709-2013 and  case number No. CP-67-CR-7794 are found at http://ujsportal.pacourts.us.  Commonwealth Defendants have submitted copies of Plaintiff's York County Criminal Dockets as Exhibits.  We take judicial notice of Plaintiff's York County Criminal Dockets.

on September 5-6, 2012, which lead to his arrest and unlawful incarceration in YCP.

It is clear that the criminal charges filed against Plaintiff in York County by the PSP trooper Defendants were held for trial in Common Pleas Court by the Magisterial District Judge. As stated, Plaintiff is presently confined in YCP awaiting his criminal trial in York County Court regarding both of his criminal cases. Plaintiff also claims that his rights under Article I of the Pennsylvania Constitution were violated. Plaintiff requests monetary damages. We point out that Plaintiff claims for damages under Article I of the Pennsylvania Constitution should be dismissed with prejudice as a matter of law. *See Moeller v. Bradford Co.*, 444 F. Supp. 2d 316, 327, n. 13 (M.D. Pa. 2011) ("Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private right of action for a federal constitutional violation.")(citations omitted); *Sze v. Pui-Ling Pang*, Civil No. 12-0619, M.D. Pa. (4-16-14 Memorandum, p. 8, J. Kane)("Plaintiff may not seek monetary damages for his claims made pursuant to Article I, Section 8 of the Pennsylvania Constitution.").

Both of Plaintiff's criminal cases were scheduled to go to trial on or about November 16, 2014, in the York County Court of Common Pleas but his trial was continued with the date to be set a later time. (Doc. 15, p. 3, ¶12, civil No. 14-1866). Thus, the criminal charges in both of the York County Court cases are still pending against Plaintiff. Plaintiff has not yet had a trial in his cases. As such, Plaintiff does not have a favorable termination in either of his York County Court criminal cases.

In his first case, Civil No. 14-1866, Plaintiff names as Defendants: Mariah Brittany Rizzo; Kendra Marie Saxe; Cody Allen Nickol; Virgil Ray Polston; Trooper Jeffrey Gotwals; Trooper

Justin Dembrowski;  the Pennsylvania State Police ("PSP"); the York County District Attorney's

Office; and the York County Public Defender's Office.

In his second case, Civil No. 14-1867, Plaintiff names as Defendants: PSP Trooper

Jonathan D. Burnham; Trooper Matthew Hamilton; Trooper Jeffrey Gotwals; the Pennsylvania

State Police ("PSP"); the York County District Attorney's Office; and the York County Public

Defender's Office.

On September 26, 2014, Commonwealth Defendants jointly filed  Motions to Dismiss

Plaintiff's Complaints in Civil Nos. 14-1866 & 14-1867, M.D. Pa., under Fed.R.Civ.P. 12(b)(6),

and requested this federal Court to abstain from both of Plaintiff's cases pursuant to the

abstention doctrine annunciated in *Younger v. Harris*, 401 U.S. 37 (1971).[4]  (Docs. 2, Civil Nos.

14-1866 & 14-1867, M.D. Pa.).  Commonwealth Defendants filed their support briefs on

October 23, 2014, and attached Exhibits to their briefs which are copies of Plaintiff's two York

County Criminal Dockets in *Com. of PA v. Christian M. Smithson*, No. CP-67-CR-0709-2013

and  No. CP-67-CR-7794-2012.  (Docs. 7, 7-1 & 7-2 and Docs. 7, 7-1 & 7-2, Civil Nos. 14-

1866 & 14-1867, M.D. Pa.). Commonwealth Defendants' Motions to Dismiss Plaintiff's

Complaints in Civil Nos. 14-1866 & 14-1867, M.D. Pa., have been fully briefed and are ripe for

disposition.

Additionally, in both of his cases, Plaintiff prematurely filed Motions for Summary

---

[4]We also note that the Anti-Injunction Act, 28 U.S.C. §2283, may prohibit this federal
Court from interfering with any of the York County Court's determinations regarding the
pending criminal cases against Plaintiff. *See In re Madera*, 2008 WL 447497, *5 (E.D. Pa. 2-7-
08).

Judgment, pursuant to Fed.R.Civ.P. 56, on November 20 & 21, 2014. (Doc. 13 and Doc. 11,

Civil Nos. 14-1866 & 14-1867, M.D. Pa.). To date, Plaintiff has not filed his support briefs or

his statement of undisputed material facts with evidence. No discovery has commenced in

Plaintiff's cases and all of his Defendants have not yet responded to his Complaints. As

discussed below, Plaintiff cannot establish essential elements of his §1983 malicious prosecution

claims since, as stated, he does not have a favorable termination in his York County criminal

cases.

On December 1, 2014, Commonwealth Defendants filed Motions to Stay Plaintiff's

Motions for Summary Judgment in both his federal cases until this Court rules on their Motions

to Dismiss Plaintiff's Complaints and rules on York County Defendants' preliminary objections.

Commonwealth Defendants filed support briefs regarding their Motions to Stay on December 2,

2014. On December 2, 2014, York County Defendants' filed Motions to Stay (Doc. 18, Civil

No. 14-1866) and support briefs regarding Plaintiff's Motions for Summary Judgment in both his

federal cases until this Court rules on their preliminary objections to Plaintiff's Complaints.

We now issue this Report and Recommendation and recommend that both of Plaintiff's

cases by consolidated. We also recommend that  Plaintiff's Motions for Summary Judgment be

dismissed without prejudice as premature and, that Commonwealth Defendants' and York

County Defendants' Motions to Stay be denied as moot. Further, we recommend that

Commonwealth Defendants' Motions to Dismiss be granted and, that Plaintiff's consolidated

case be dismissed without prejudice as *Heck* barred and as barred by the *Younger* abstention

doctrine.

II.     **STANDARDS OF REVIEW.**

A.      *42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *see also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").   "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the

7

complaint's allegations, to have been personally involved in the events or occurrences upon

which Plaintiff's claims are based.  *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d

1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id.*  Courts have

also held that an allegation seeking to impose liability on a defendant based on supervisory

status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at

1208.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion

to dismiss. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

### B.    *Motion to Dismiss*

In  *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S.
> 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).
> "[T]o survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true to 'state a claim that relief is plausible
> on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at
> 570). The Court emphasized that "only a complaint that states a
> plausible claim for relief survives a motion to dismiss." *Id.* at 1950.
> Moreover, it continued, "[d]etermining whether a complaint states a

8

plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
>
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

## III.   DISCUSSION.

*1.  Consolidation of  Civil Action No. 1:CV-14-1867 into Civil Action No. 1:CV-14-1866*

Rule 42(a) of the Federal Rules of Civil Procedure states that:

> If actions before the court involve a common question of

law or fact, the court may:
(1) join for hearing or trial any or all
     matters at issue in the actions;
(2) consolidate the actions;
(3) issue any other orders to avoid unnecessary cost
     or delay.

Plaintiff's two Complaints docketed in cases in Civil Action No. 1:CV-14-1866 and Civil

Action No. 1:CV-14-1867 have been reviewed, and as detailed above, we find  that they

involve common questions of law and fact regarding the incidents in York County on September

5-6, 2012, which lead to Plaintiff's arrest, the filing of criminal charges and Plaintiff's

incarceration in YCP. Defendants in both of Plaintiff's cases are essentially the same.  In fact, as

stated, Plaintiff's Complaints in these two cases raise very similar constitutional claims against

Defendants under §1983.

Accordingly, pursuant to Rule 42(a), we shall recommend that the Court consolidate

Plaintiff's Civil Action No. 1:CV-14-1867 case into his Civil Action No. 1:CV-14-1866 case and,

that the Court close Civil Action No. 1:CV-14-1867. We shall also recommend that this matter

proceed under Civil Action No. 1:CV-14-1866.  *See Oliver v. Tennis*, 2008 WL 4755558 (M.D.

Pa.); *James v. Wal Mart*, 3:CV-08-1821, M.D. Pa.; *Bradley v. Family Dollar, Inc.*, Civil Action No.

1:CV-10-2299, M.D. Pa.

2. *Plaintiff's Consolidated Case is Heck Barred and Barred by Younger Abstention*

   *Doctrine*

Moreover, we find that Plaintiff's consolidated case is *Heck* barred.   Insofar as Plaintiff is

raising  constitutional claims under §1983 against Defendants challenging the pending criminal

charges filed against him in York County, we find that  these claims are presently  *Heck* barred.

10

*See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).  As stated, Plaintiff's criminal trial

in his York County criminal cases was continued and no new trial date has been set.  Thus,

Plaintiff does not have a favorable termination of his criminal cases at this point in time.

As mentioned, we construe Plaintiff to  be raising, in large part, claims of malicious

prosecution and false arrest under §1983.

It is well-settled that "[t]o prove malicious prosecution  ... a plaintiff must show that: (1)

the defendants initiated a criminal proceeding; (2) *the criminal proceeding ended in plaintiff's*

*favor;* (3) the proceeding was initiated without probable cause; (4) *the defendants acted*

*maliciously or for a purpose other than bringing the plaintiff to justice*; and (5) the plaintiff

suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal

proceeding." *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003) (emphasis added);

*Kossler v. Crisanti,* 564 F. 3d 181, 186 (3d Cir. 2009); *Piazza v. Lakkis*, 2012 WL 2007112, *7

(M.D. Pa. June 5, 2012)(citation omitted).  "[A] claim for malicious prosecution 'permits

damages for confinement imposed pursuant to legal process.'"  *Piazza v. Lakkis*, 2012 WL

2007112, *8(citations omitted).  Further, "a claim for malicious prosecution seeks to remedy

'the deprivation of liberty accompanying prosecution, not prosecution itself.'" *Piazza v. Lakkis*,

2012 WL 2007112, *8(citations omitted). Thus, "a Plaintiff's claim for malicious prosecution

begins not with an arrest, which is not pursuant to legal process, but with the indictment."

*Piazza v. Lakkis*, 2012 WL 2007112, *8 (citations omitted).

A false arrest claim under §1983 also has an element requiring that Plaintiff show the

criminal proceeding was initiated without probable cause.   To succeed on a false arrest claim

under § 1983, the Court in *Kokinda v. Breiner,* 557 F. Supp. 2d 581, 592 (2008 M.D. Pa.), stated:

> A claim under § 1983 for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures. *Garcia v. County of Bucks,* 155 F.Supp.2d 259, 265 (E.D.Pa.2001) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995)). To maintain his false arrest claims, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." *Id.*
> "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.*
>
> "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995). However, unlike a malicious prosecution claim, for which each criminal charge is analyzed independently, a false arrest claim will fail if there was probable cause to arrest for at least one of the offenses involved. *Johnson,* 477 F.3d at 75; *see also Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994) (holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charged under the circumstances").

*See also Cummings v. City of Phila.,* 137 Fed. Appx. 504, 506 (3d Cir. 2005).

In order for Plaintiff to prevail on his malicious prosecution and false imprisonment claims under §1983, he must satisfy each of the above stated elements. *Kossler v. Crisanti,* 564 F. 3d at 186.

As stated above, Plaintiff's York County Criminal Dockets indicate Plaintiff has not yet had a trial for the charges brought against him regarding the September 5-6, 2012 incidents at issue, and his arrest by the PSP Trooper Defendants. All of the criminal charges were held for trial after Plaintiff's preliminary hearing, and Plaintiff's trial has been recently continued with the new date to be scheduled at a later time.

As such, Plaintiff does not have a favorable termination regarding the charges filed against him by Defendants. We find that the constitutional claims Plaintiff is asserting against Defendants for malicious prosecution and false arrest are *Heck* barred.  Thus, insofar as Plaintiff is raising constitutional claims under §1983 against Defendants challenging the stated criminal charges pending in York County Court, we find that these claims are *Heck* barred.  *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

In *Heck*, the Supreme Court stated:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487; *see also Kossler v. Crisanti,* 564 F. 3d 181, 187 (3d Cir. 2009).

In *Taylor v. JFC Staffing Assoc.*, 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court announced what is called the "favorable termination rule," which forecloses certain § 1983 actions for plaintiffs who have plead guilty to criminal charges.  In *Heck,* the Supreme Court stated:
>> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

13

*Id.* at 486-87, 114 S.Ct. 2364 (emphasis in original).

In *Washington v. Hanshaw*, 552 Fed.Appx. 169, 173 (3d Cir. 2014), the Third Circuit stated that "our precedents are clear that §1983 Plaintiffs alleging arrest and persecution absent probable cause may bring malicious prosecution claims under the Fourth Amendment, but are entitled to relief only if they are innocent of the crime for which they were prosecuted. *Hector v. Watt*, 253 F.3d 154, 156 (3d Cir. 2000)."   As such, Plaintiff Smithson "must prove *actual* innocence as an element of his *prima facie* case" regarding his malicious prosecution claims. *Steele v. City of Erie*, 113 Fed.Appx. 456, 459 (3d Cir. 2004)(citing *Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000)).

The final termination rule announced in *Heck* also bars Plaintiff's § 1983 claims that have the effect of impugning the underlying York County criminal charges which are still pending against Plaintiff. *See Marable v. Pottsgrove Twp.*, 176 Fed.Appx. 275, 281 (3d Cir.2006). *Heck* applies to §1983 cases in which the Plaintiff still has criminal charges pending against him and in which no conviction has yet occurred.   *See Clouser v. Johnson*, –F.Supp.2d –, 2014 WL 4180808 (M.D. Pa. Aug. 25, 2014).

Accordingly, we shall recommend that Plaintiff 's consolidated case under 14-1866 be dismissed in its entirety without prejudice as *Heck* barred.

Also, as Commonwealth Defendants maintain in their Motions to Dismiss, Plaintiff's instant federal cases appear to be barred by the *Younger* abstention doctrine.  The *Younger* abstention doctrine is based on basic considerations of comity that are fundamental to our federal system of government.  As defined by the courts: "*Younger* abstention is a legal doctrine

14

granting federal courts discretion to abstain from exercising jurisdiction over a claim when

resolution of that claim would interfere with an ongoing state proceeding. *See Younger v. Harris,*

401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining

appellant Younger from prosecuting under these California statutes, must be reversed as a

violation of the national policy forbidding federal courts to stay or enjoin pending state court

proceedings except under special circumstances.')." *Kendall v. Russell*, 572 F.3d 126, 130 (3d

Cir. 2009).

In *Keys v. Com. of Pa.*, 2011 WL 766978, *16 (M.D. Pa. 1-19-11) adopted by 2011 WL

766950 (M.D. Pa. 2-25-11), the Court stated:

> Additionally, Plaintiff's instant request, seemingly for this Court to enjoin his
> pending criminal proceedings in the CCP while it reviews the evidence against
> him and the merits of his constitutional claims, is precluded by the *Younger v.
> Harris*, 437 U.S. 37 (1971), abstention doctrine.  In *Leer Elec., Inc. v. Com. of Pa.*,
> 2008 WL 5378284, *4 (M.D. Pa.), the Court stated:
>
>> In *Younger v. Harris,* the United States Supreme Court established an
>> abstention doctrine by holding that federal courts may not enjoin pending
>> state criminal proceedings. 437 U.S. 37 (1971). In the line of cases that
>> followed *Younger,* the Supreme Court made it clear that this doctrine of
>> abstention is not specific to criminal matters, but also applies to state civil
>> court and administrative proceedings. *See Pennzoil Co. v. Texaco, Inc.* 481
>> U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (holding that federal courts
>> may not enjoin state civil proceedings between private parties); *Ohio Civil
>> Rights Commn. v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct.
>> 2718, 91 L.Ed.2d 512 (1986) (holding that federal courts may not enjoin
>> state administrative proceedings when important state interests are
>> involved); *Middlesex County Ethics Committee v. Garden State Bar
>> Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (first
>> applying *Younger* to state administrative proceedings)."The *Younger*
>> doctrine ... reflects a strong policy against federal intervention in state
>> judicial processes in the absence of great and immediate irreparable injury
>> to the federal plaintiff."*Moore v. Sims,* 442 U.S. 415, 423, 99 S.Ct. 2371,
>> 60 L.Ed.2d 994 (1979) (citing *Samuels v. Mackell,* 401 U.S. 66, 69, 91

S.Ct. 764, 27 L.Ed.2d 688 (1971)).*Younger* abstention is appropriate when three requirements are satisfied. *See Middlesex,* 457 U.S. at 432 (collecting and summarizing authorities to establish a three part test). First, the federal plaintiff must be a party in an ongoing state proceeding of a judicial nature subject to interference by continued federal court action. Second, the state proceeding must implicate important state interests. And third, the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state court proceedings.

We agree with Commonwealth Defendants and  find that the pending criminal proceedings in the York County Court against Plaintiff Smithson satisfy the three requirements of *Younger* abstention doctrine.  As Commonwealth Defendants state, "[Plaintiff] challenges the actions of Trooper Gotwals, Trooper Dembrowski, and their employer, the [PSP], stemming from an incident which occurred on September 5-6, 2012."  (Doc. 7, p. 6, Civil No. 14-1866). Further, as Defendants state, "[Plaintiff] faces criminal charges from his actions on September 5, 2012[,] at York Co[unty] Court of Common Pleas Docket No. CP-67-CR-0000709-2013. Ex. 1." (*Id*., pp. 6-7 & Doc. 7-1).   Also, as Defendants state, "[Plaintiff] faces criminal charges from his actions on September 6, 2012[,] at York Co[unty] Court of Common Pleas Docket No. CP-67-CR-0007794-2012. Ex. 2."  (*Id*., p. 7 & Doc. 7-2).  As mentioned, Plaintiff's jury trial in both criminal cases was scheduled for November 16, 2014, but it was continued and no new date has been set.

First, Plaintiff Smithson is clearly a party in an ongoing state court action, and this is a proceeding that would be interfered with if an injunction was granted by this federal Court. Second, the state criminal procedures clearly implicate important state interests because the state has a legitimate interest in conducting criminal trials and subsequently, in reviewing state court judgments of sentence and in correcting state court errors.  Finally, Plaintiff certainly has

16

an opportunity to raise his constitutional claims through pre-trial and post-trial motions in the York County Court and, if he is convicted, *via* direct appeal to the state appellate courts.  In fact, Plaintiff's York County Criminal Dockets indicate that Plaintiff filed suppression motions and motions to dismiss.

Therefore, we find that Plaintiff's consolidated case satisfies the three *Younger* abstention requirements.

Accordingly, we will recommended that Plaintiff's consolidated case be dismissed in its entirety without prejudice as against all Defendants.


## IV.    RECOMMENDATION.

Based on the above, it is respectfully recommended that the Court consolidate Plaintiff's Civil Action No. 1:CV-14-1867 case into his Civil Action No. 1:CV-14-1866 case and, that the Court close Civil Action No. 1:CV-14-1867. It is also recommended that this matter proceed under Civil Action No. 1:CV-14-1866.

It is also recommended that  Plaintiff's Motion for Summary Judgment (Doc. 13, Civil No. 14-1866) be dismissed without prejudice as premature.  Additionally, it is recommended that the Commonwealth Defendants' Motion to Stay (Doc. 15, Civil No. 14-1866) and York County Defendants' Motion to Stay (Doc. 18, Civil No. 14-1866) be denied as moot.  Further, we recommend that Commonwealth Defendants' Motion to Dismiss (Doc. 2, Civil No. 14-1866) be granted and, that Plaintiff's consolidated case be dismissed without prejudice as *Heck* barred and as barred by the *Younger* abstention doctrine.

Finally, it is recommended that the Court close this case.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 8, 2014**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTIAN M. SMITHSON, | : | CIVIL ACTION NO. **1:CV-14-1866** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MARIAH BRITTANY RIZZO, *et al.*, | : | |
| | : | |
| Defendants | : | |

_____

| | | |
|---|---|---|
| CHRISTIAN M. SMITHSON, | : | |
| | : | CIVIL ACTION NO. **1:CV-14-1867** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| TROOPER BURNHAM, *et al.*, | : | |
| | : | |
| Defendants | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **December    , 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3,  which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)

19

days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely objections to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  December     , 2014**

20