IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTIAN M. SMITHSON,** | : | |
|     Plaintiff | : | |
| | : | No. 1:14-cv-1866 |
| v. | : | |
| | : | |
| **MARIAH BRITTANY RIZZO, <u>et</u> <u>al.</u>,** | : | (Judge Kane) |
|     Defendants | : | |

----------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| **CHRISTIAN M. SMITHSON,** | : | |
|     Plaintiff | : | |
| | : | No. 1:14-cv-1867 |
| v. | : | |
| | : | |
| **TROOPER BURNHAM, <u>et</u> <u>al.</u>,** | : | (Judge Kane) |
|     Defendants | : | |

## **MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Blewitt, recommending that the civil actions <u>Christian M. Smithson v. Mariah Brittany Rizzo, et al.</u>, No. 14-1866, and <u>Christian M, Smithson v. Trooper Burnham, et al.</u>, No. 14-1867, be consolidated, and that the consolidated action be dismissed.[1] (No. 14-1866, Doc. No. 21; No. 14-1867, Doc. No. 19.) For the reasons that follow, the Court will adopt the Report and Recommendation, will consolidate Civil Action No. 14-1867 into Civil Action No. 14-1866, and will dismiss the consolidated action without prejudice.

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a <u>de novo</u> determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

**I.     BACKGROUND**

On August 29, 2014, Plaintiff Christian M. Smithson filed a pro se complaint in the Court of Common Pleas of York County, Pennsylvania, bringing claims pursuant to 42 U.S.C. § 1983. (No. 14-1866, Doc. No. 1-1.) Plaintiff's lengthy complaint centered on allegations of false arrest and malicious prosecution arising out of his arrest in September 2012, as well as claims that various Defendants committed perjury during his York County preliminary hearings. (Id.) In addition to claims against police officers, he brings claims against various non-state actors who allegedly gave false statements to police.[2] (Id.) That same day, he filed a second complaint in the Court of Common Pleas of York County, Pennsylvania, bringing similar claims arising out of his arrest, alleging that the Defendant officers maliciously prosecuted him and committed perjury. (No. 14-1867, Doc. No. 1-2.) Some of the Defendants in this action were also named in the first action.[3]

On September 25, 2014, both cases were removed to this Court. (No. 14-1866, Doc. No. 1; No. 14-1867, Doc. No. 1.) The next day, motions to dismiss the complaint were filed in each action. (No. 14-1866, Doc. No. 2; No. 14-1867, Doc. No. 2.) Thereafter, on November 20, 2014, Plaintiff filed motions for summary judgment. (No. 14-1866, Doc. No. 13; No. 14-1867,

---

[2] Specifically, Plaintiff names nine Defendants in this action: Mariah Brittany Rizzo, Kendra Marie Saxe, Cody Allen Nichol, Virgil Ray Polston, Trooper Jeffrey M. Gotwals, Trooper Justin Dembrowski, the Pennsylvania State Police Department, the York County District Attorney's Office, and the York County Public Defender's Office. (No. 14-1866, Doc. No. 1-1.)

[3] Specifically, Plaintiff names six Defendants in this action: Trooper Jonathan D. Burnham, Trooper Matthew Hamilton, Trooper Jeffrey M. Gotwals, the Pennsylvania State Police Department, the York County District Attorney's Office, and the York County Public Defender's Office. (No. 14-1867, Doc. No. 1-2.)

Doc. No. 11.) In response, Defendants filed motions to stay Plaintiff's motion for summary judgment on the grounds that no discovery has taken place, and further that they have moved for dismissal. (No. 14-1866, Doc. Nos. 15, 18; No. 14-1867, Doc. Nos. 13, 16.) On December 8, 2014, Magistrate Judge Blewitt filed a Report and Recommendation in which he recommends, in relevant part, that the Court (1) consolidate the two actions; (2) dismiss the consolidated action as barred by the "favorable termination" rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994); (3) alternatively dismiss the consolidated action as barred by the Younger abstention doctrine.[4] (No. 14-1866, Doc. No. 21; No. 14-1867, Doc. No. 19.) Plaintiff filed timely objections. (No. 14-1866, Doc. No. 24.)

## II. DISCUSSION[5]

### A. Consolidation

Magistrate Judge Blewitt recommends that the Court consolidate the actions because they share common issues of law and fact. (No. 14-1866, Doc. No. 21 at 10; No. 14-1867, Doc. No. 19 at 10.) Plaintiff objects to consolidation on the grounds that "each lawsuit stems from a

---

[4] See Younger v. Harris, 401 U.S. 37 (1971).

[5] As an initial matter, the Court notes that Plaintiff's objections (No. 14-1866, Doc. No. 24) are an imposing 36 pages; Plaintiff states that they are 15,626 words in length. (See No. 14-1866, Doc. No. 23.) Plaintiff is proceeding pro se and his objections are not a model of clarity; vast sections appear to be restatements of the allegations in his complaint (see id. at 10-20), and lengthy reproductions of statutes (see id. at 33-36.). Other sections do not relate to the various specific recommendations of Magistrate Judge Blewitt. For example, Plaintiff argues that the York County District Attorney's Office and the York County Public Defender's office are separate entities subject to suit (see id. at 6-7); although this distinction may have relevance elsewhere in this litigation, it is not relevant to the findings of Magistrate Judge Blewitt, nor the Court's consideration of his Report and Recommendation. Accordingly, the Court will only address those portions of Plaintiff's filing that it construes as specifically objecting to the various recommendations of Magistrate Judge Blewitt.

different original group of Defendants, and therefore if both cases were to be heard and listed for trial[,] each case would not provide admissible evidence in the other case and would prove more confusing for a jury to decide." (No. 14-1866, Doc. No. 24 at 36.)

The Court will consolidate the actions, and overrule Plaintiff's objection. Rule 42 of the Federal Rules of Civil Procedure provides that a court may consolidate actions arising out of a common question of law or fact. Fed.R.Civ.P. 42(a). To facilitate the administration of justice, District courts are afforded broad power to consolidate actions, whether on motion of a party or sua sponte. Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964). In considering consolidation, "the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC., No. 13-2289, 2014 WL 4955259, at *10 (M.D. Pa. Sept. 30, 2014). Here, the Court agrees with Magistrate Judge Blewitt that each complaint contains common issues law and fact, and raises similar claims concerning Plaintiff's September 2012 arrest and prosecution. The cases also share many of the same Defendants. Moreover, the Court finds no merit in Plaintiff's contention that evidentiary problems would result from the consolidation of these two actions. Accordingly, the Court will adopt Magistrate Judge Blewitt's recommendation and will consolidate Civil Action No. 14-1867 into Civil Action No. 14-1866.

**B.     Grounds for dismissal of the consolidated action**

**1.      Defendant Pennsylvania State Police**

Magistrate Judge Blewitt recommends that the Court dismiss with prejudice any claims against Defendant Pennsylvania State Police on the grounds that such a claim is barred by the

Eleventh Amendment to the United States Constitution.[6] (No. 14-1866, Doc. No. 21 at 3 n.2). Plaintiff offers no specific objections to these recommendations, and the Court finds no error in Magistrate Judge Blewitt's conclusion. Accordingly, the Court will adopt his recommendation and will dismiss Plaintiff's claim against the Pennsylvania State Police.

### 2. Monetary damages under the Pennsylvania Constitution

Magistrate Judge Blewitt recommends that to the extent Plaintiff seeks money damages under Article I of the Pennsylvania Constitution, that claim should be dismissed with prejudice as a matter of law.[7] (No. 14-1866, Doc. No. 21 at 4.) Plaintiff offers no specific objections to these recommendations, and the Court finds no error in Magistrate Judge Blewitt's conclusion. Accordingly, the Court will adopt his recommendation and will dismiss Plaintiff's claim for damages under the Pennsylvania Constitution.

### 3. Favorable termination rule under Heck

Magistrate Judge Blewitt recommends that the Court dismiss the entirety of Plaintiff's consolidated complaint as barred by the "favorable termination" rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994). (No. 14-1866, Doc. No. 21 at 10-14.) Specifically, he notes that Plaintiff's criminal trial had not yet taken place, and accordingly there has been no favorable termination at this time of the related criminal proceedings. (Id.) Magistrate Judge Blewitt therefore recommends dismissal without prejudice, so that Plaintiff may bring a new action in the event that the related criminal proceedings end in his favor. (Id.) Plaintiff appears to object

---

[6] See MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001).

[7] See Moeller v. Bradford Co., 444 F. Supp. 2d 316, 327 n.13 (M.D. Pa. 2011) ("Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private right of action for a federal constitutional violation.").

to this recommended finding on the grounds that the outcome of the criminal case is irrelevant; specifically, he contends that "regardless of whether Plaintiff is found guilty in the criminal case(s) before the York County Court of Common Pleas . . . The Commonwealth Defendants are still liable to be held responsible for their actions at all times pertinent to the Plaintiff[']s accusations." (No. 14-1866, Doc. No. 24 at 28.)

The Court agrees with Magistrate Judge Blewitt and will overrule the objection. In Heck, "the Supreme Court announced that a plaintiff cannot attack the validity of his conviction or sentence in a [Section] 1983 damages action without proving that the conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]'" Deemer v. Beard, 557 F. App'x 162, 164-65 (3d Cir 2014) (quoting Heck, 512 U.S. at 486-87). In other words, there must be a "favorable termination" of the prior criminal proceedings; this is to avoid "the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009) (quoting Heck, 512 U.S. at 484). Thus, to satisfy the favorable termination element, "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Id.

As Magistrate Judge Blewitt noted, Plaintiff's complaint challenges the charges against him as unconstitutional, sounding largely in allegations of malicious prosecution and false arrest against the various Defendants; thus, the "favorable termination" rule applies. See Murphy v.

6

Bloom, 443 F. App'x 668, 669 (3d Cir. 2011) (citing Heck for the proposition that "[a] prisoner's civil rights suit based on violations of his rights during his criminal proceedings is barred unless he can demonstrate that his conviction or sentence has been invalidated."). At the time of Magistrate Judge Blewitt's Report and Recommendation, Plaintiff's trial had again been continued, and there is no information suggesting to the Court that it has been disposed of in Plaintiff's favor. Plaintiff asserts that Defendants will be liable to Plaintiff even if he is found guilty in his state court proceeding; however, as Heck reflects, a malicious prosecution claim requires a plaintiff to show that the prior criminal proceeding ended in Plaintiff's favor. See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003); Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009) ("[A] malicious prosecution claim cannot be predicated on an underlying criminal proceeding which terminated in a manner not indicative of the innocence of the accused."). Plaintiff has not been able to make such a showing, and the Court finds that his claims may not proceed at this time. Accordingly the Court will adopt the recommendation of Magistrate Judge Blewitt, and will dismiss the remainder of Plaintiff's complaint without prejudice.

### 4.   Younger abstention

Magistrate Judge Blewitt alternatively finds that the Court should abstain from hearing the claims and dismiss Plaintiff's complaint pursuant to the Younger abstention doctrine. (No. 14-1866, Doc. No. 21 at 14-17.) Plaintiff raises a variety of objections to this recommendation. First, he objects on the grounds that he is not asking this Court to interfere with his state court proceedings. (No. 14-1866, Doc. No. 24 at 4-5, 22, 26.) Second, he objects on the grounds that only this Court – rather than the court overseeing his state criminal proceedings – has the power

to grant him monetary relief through this civil action. (Id. at 5, 22-25, 29-31.)

"A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005) (citing Younger v. Harris, 401 U.S. 37 (1971)). Younger abstention is appropriate when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Id.

The Court agrees with Magistrate Judge Blewitt that it should abstain from exercising jurisdiction over Plaintiff's claims at this time because the elements for abstention are met, and will overrule Plaintiff's objections to the contrary. First, Plaintiff's criminal proceedings are ongoing in state court, and obviously implicate important state interests. Plaintiff argues that he is not actually asking the Court to interfere with his criminal proceedings because he is not challenging the criminal charges themselves, but rather the actions of Defendants both around the time of his arrest and since. However, the Court does not agree with that categorization of Plaintiff's complaint. In seeking relief under Section 1983, Plaintiff is asking this Court to find that the Defendants' behavior in initiating and prosecuting the ongoing underlying state court action violated and continues to violate his constitutional rights. The Court cannot make such a finding without interfering with those proceedings. As Defendants note, Plaintiff's contention that the Defendants improperly initiated charges against him under color of state law challenges the constitutionality of the charges themselves. (See No. 14-1866, Doc. No. 9 at 2.)

Additionally, as Magistrate Judge Blewitt notes, Plaintiff can raise many of his

constitutional claims through motions in state court or, if necessary, the Pennsylvania state appellate courts. Although Plaintiff repeatedly points out in his objections that the pending state criminal proceeding does not give him an opportunity to seek the monetary civil damages he requests through this lawsuit, such a consideration is irrelevant at this time. As the Court noted above, there has been no favorable termination of the criminal proceedings, and he therefore cannot succeed on any of his malicious prosecution claims in this Court at this time. See Bryant v. Sleichter, No. 1:13-489, 2013 WL 1811776, at *4 (M.D. Pa. Feb. 26, 2013) (abstaining from malicious prosecution claims relating to a pending criminal case, and noting that "abstention is particularly appropriate here, in a case where the plaintiff's principal claim is a malicious prosecution claim"). For these reasons, the Court will adopt the recommendation of Magistrate Judge Blewitt and will alternatively dismiss the complaint on the grounds of abstention.

### C.    Plaintiff's motion for summary judgment

Magistrate Judge Blewitt lastly recommends that the Court deny Plaintiff's motions for summary judgment as premature, and that the Court deny as moot the Defendants' motions to stay summary judgment. (No. 14-1866, Doc. No. 21 at 17.) Plaintiff offers no specific objections to these recommendations, and the Court finds no error in Magistrate Judge Blewitt's conclusion. Accordingly, the Court will adopt his recommendation, will deny Plaintiff's motions for summary judgment, and will deny Defendants' motions to stay as moot.[8]

---

[8] Plaintiff did request in an opposition brief that the Court "withhold decision to stay the Plaintiff's motion for summary judgment until a pretrial type hearing as been held." (No. 14-1867, Doc. No. 20.) Plaintiff made a similar request in multiple filings labeled as habeas corpus petitions, filings which his only request is that this Court hold a pre-trial hearing on the pending motions. (No. 14-1866, Doc. No. 30; No. 14-1867, Doc. Nos. 22, 27.) Whether or not to hold oral argument on a motion is a question left to the Court's discretion. See M.D. Pa. L.R. 7.9; see also Fed. R. Civ. P. 78(b). Because the Court finds that a hearing would not be beneficial in this

### III.  CONCLUSION

The Court will adopt the Report and Recommendation of Magistrate Judge Blewitt and will dismiss Plaintiff's claims against the Pennsylvania State Police and for money damages under the Pennsylvania Constitution with prejudice.  It will dismiss all of Plaintiff's remaining claims without prejudice, and will deny Plaintiff's motion for summary judgment.  An order consistent with this memorandum follows.[9]

---

matter, the Court will deny Plaintiff's request for a hearing.

[9] Plaintiff has filed motions in which he asks the Court to remove the York County Public Defenders' Office as a Defendant.  (No. 14-1866, Doc. Nos. 25, 28; No. 14-1867, Doc. No. 22.)  Because this Court is dismissing Plaintiff's claims, it will deny that motion as moot.